### WILLIAM MCKEE *v.* THOMAS S. MCKEE, ET AL.

**Account—Settlement.**

    Where persons meet and attempt to settle an account between them but disagree before the whole account is gone over, and all efforts at a final settlement are broken off, such attempt does not amount to a settlement even of that part of the account gone over before disagreement.

**Compromise—Efforts.**

Statements made by either party on propositions of compromise of a lawsuit cannot be proven against those making them, unless the compromise is effected.

### APPEAL FROM ANDERSON CIRCUIT COURT.

January 29, 1878.

OPINION BY JUDGE ELLIOTT:

The appellees employed appellant to move to and take charge of their farm, stock, etc., as their agent and at their expense, which he did, as he says for several years, but which they say for less than two years. Several years after the appellant's services had been performed and his agency had terminated he brought this suit, and by it claimed that appellees were indebted to him in the sum of about $1,700. The appellees deny the correctness of most of his accounts, and then assert that they long before the bringing of his suit had made a settlement with him and paid him off.

The evidence is conflicting as to whether appellant and appellees completed a settlement which they had commenced making, and we are therefore of opinion that the court erred to appellant's prejudice in its refusal to give the second instruction asked by him. The first instruction substantially informed the jury that they should find in appellant's favor so much of his account as he had established by the evidence to be due him, unless they believed that there had been a settlement of the matters sued for, and in that event they should find for the appellees. This instruction would have been correct if the court had told the jury to find for the appellees if they believed there had been a settlement of the matters sued for, and they further believed that appellees owed appellant no balance on the settlement thus made between the parties, for there may have been a settlement of the accounts between the parties and yet the appellees owe a large balance on the settlement. The fact that the parties had settled should not bar the appellant's action unless there was nothing due him by reason of the settlement.

But we are of opinion that the second instruction asked by appellant should not have been refused, which was as follows: "If from the evidence the jury believe that plaintiff and defendants met together to settle their accounts, and proceeded therein until they disagreed about some item thereof, and then broke up and did not complete it, such attempt does not amount to a settlement."

In other words, the court had told the jury that if they believed

from the evidence that appellant and appellees had made a settlement of the matters in dispute between them they should find for the appellees, and this last instruction only told them that 'if they should believe that the parties had not settled their accounts then they should find according to the proof of indebtedness at the time of the trial.

It is a very old rule of law that statements made by either party on propositions of compromise of a law-suit can not be proved against him unless the compromise is effected, because he may have and is presumed to have made the admission in the hope of having an amicable settlement of the impending controversy, and any other rule would tend to discourage compromises of controversies which are favored instead of discouraged by the law.

For these reasons the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Hanks & Willis, P. B. Thompson, Jr., T. C. Bell,* for appellant.
*Felix & Thompson,* for appellees.